```
                IN THE UNITED STATES DISTRICT COURT FOR THE

                      EASTERN DISTRICT OF CALIFORNIA
```

| | | |
|---|---|---|
| WILLIAM JOSHUA WHITE, | ) | No. CV-F-08-962 OWW |
| | ) | (No. CR-F-05-435 OWW) |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO VACATE, SET ASIDE |
| vs. | ) | OR CORRECT SENTENCE PURSUANT |
| | ) | TO 28 U.S.C. § 2255 AND |
| | ) | DIRECTING CLERK OF COURT TO |
| UNITED STATES OF AMERICA, | ) | ENTER JUDGMENT FOR |
| | ) | RESPONDENT |
| | ) | |
| Respondent. | ) | |
| | ) | |

On June 30, 2008, petitioner William Joshua White timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was charged in the Second Superseding Indictment with conspiracy to manufacture and to possess with intent to distribute marijuana (Count One); manufacture of marijuana and aiding and abetting (Count Two); possession with intent to distribute marijuana (Count Three); felon in possession of a firearm (Count Four); and possession of a firearm in furtherance

1

of a drug trafficking crime (Count Five).  Petitioner pleaded guilty pursuant to a written Plea Agreement to Count One. Petitioner specifically agreed in the Plea Agreement:

> (f) The defendant understands that the law gives him a right to appeal his conviction and sentence.  The defendant waives any right to appeal his conviction and sentence and any right he may have to bring any other post-conviction attack on his conviction and sentence.  He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction and sentence.
>
> ...
>
> (j) The defendant stipulates that the base offense level is 24.
>
> (l) [sic] The defendant agrees not to seek a sentence of less than 84 months.

Petitioner agreed under oath during the change of plea colloquy to the following:

> The defendant will plead guilty, because he is in fact guilty of the essential elements of the crime set forth in count one of the Second Superseding Indictment.  The defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:
>
> At a date unknown, but within the last five years, and continuing to on or about October 18, 2005, in the Counties of Madera and Fresno, State and Eastern District of California, and elsewhere, defendant WILLIAM JOSHUA WHITE, did knowingly and intentionally conspire with GERALD BARNES, JENNIFER BARNES,, WILLARD DON BOLINGER, GABRIEL JEBEDIAH SHOENSTEIN, and others to manufacture, to distribute, and to possess with the intent to distribute at least 80 kilograms of

           marijuana.

           Specifically, on October 18, 2005, agents to the Fresno Methamphetamine Task Force (FMTF) with the assistance of multiple law enforcement agencies served five federal search warrants in Fresno and Madera Counties, as a result of a wiretap investigation which focused on the defendant. During the wiretap, the defendant had numerous conversations with his co-conspirators involving the manufacture and distribution of at least 80 kilograms of marijuana.

           During the execution of the warrants, agents seized approximately 72.8 kilograms (net weight) or 169 plants of marijuana at defendant WHITE's residence, his rental at 3318 E. Paul, Fresno, California, and the residence of co-conspirators GERALD and JENNIFER BARNES and WILLARD DON BOLINGER.

           At least 80 kilograms but less than 100 kilograms of marijuana, is the amount involved in the defendant's relevant conduct encompassed in count one of the Second Superseding Indictment which could be readily proved by the government at trial against the defendant.

Petitioner was sentenced on July 6, 2007 to 84 months imprisonment. Petitioner did not file a Notice of Appeal.

    Petitioner claims that he was denied the effective assistance of counsel on the following grounds:

      1.   <u>Ground One</u>: Due to 'IAC' there is a misinterpretation/application of the U.S. Sen. Guidelines regarding Petitioner's 'criminal history points' under § 4A1.1(e) [as applied here, one (1) point added]. Whereupon, the Petitioner MUST have been 'imprisoned' pursuant to prior offense under

        § 4A1.1(b), within 2 years of instant offense. However, Petitioner was not 'imprisoned' pursuant to any offense in any city, State, Federal, or foreign jurisdiction for the 24-months prior to the instant offense. [See, PSR at ¶ 56]. Defense counsel of record Mr. R. NUTTALL's failure to note, challenge, and eliminate this clear 'error of law' constitutes Constitutional 'ineffectiveness.'

        2.   <u>Ground Two</u>: Due to 'IAC' there is a misinterpretation/misapplication of Guidelines both in PSR and by the Court (based upon erroneous and inaccurate PSR) under § 4A1.1(b) - which here, improperly adds 2 'criminal history points' for 'a prior sentence of <u>imprisonment</u> of at least sixty days not counted in (a)' (emphasis added) [See, PSR at ¶ 56, offense from Jan/22/99 = 'summary probation']. However, by law, Petitioner was not (by definition and explanation in Guidelines), 'imprisoned' as part of sentence of 'probation.' Counsel is constitutionally ineffective for not eliminating this clear 'error of law' from the PSR and subsequent sentencing.

        3.   <u>Ground Three</u>: Due to 'IAC' an apparent misapplication of U.S. Sen. Guideline § 3B1.1(b) 'Aggravating Role' 3 'levels' added - based solely upon PSR suggestion without sufficient factual bases or evidence. Government/PSR neither set forth, nor establish any evidence 'preserved' in presentence or sentencing records to sustain the 'aggravating role' consideration. Defense counsel's failure to eliminate, challenge, or in the least 'mitigate' [e.g., § 3B1.1(c) at 2 'levels'] said role considerations establishes Constitutional 'ineffectiveness.'

    Petitioner's motion is DENIED. Petitioner agreed to an 84 month sentence as evidenced by the written Plea Agreement and the transcript of the Rule 11 plea in open court.

    A defendant may waive the statutory right to bring a Section

4

2255 motion challenging his conviction or sentence. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992), *cert. denied sub nom. Abarca-Espinoza v. United States*, 508 U.S. 979 (1993). The Ninth Circuit holds that a waiver of the right to file a Section 2255 motion made pursuant to a negotiated plea agreement is enforceable except with respect to a claim that the waiver or the plea was involuntary or the result of ineffective assistance of counsel. *Washington v. Lambert*, 422 F.3d 864, 870-871 (9th Cir.2005), *cert. denied*, 547 U.S. 1074 (2006).

Petitioner makes no claim or showing that the waiver of the right to bring a Section 2255 motion set forth in his Plea Agreement was involuntary or the result of ineffective assistance of counsel. Petitioner's waiver is enforceable; Petitioner cannot seek relief pursuant to Section 2255.

Further, even if Petitioner had contended that the waiver of his right to bring a Section 2255 motion was involuntary or the result of ineffective assistance of counsel, Petitioner is not entitled to relief.

Petitioner's counsel raised the objections to the calculation of Petitioner's criminal history score in his Formal Objections to Presentence Investigation Report (Doc. 228):

> **Objection No. 3 Page 18, paragraph 66**:
>
> It is White's position that the Probation Officer's determination that Mr. White's Criminal History Computation be increased by two (2) points based upon the claim that the instant offense was committed while the

5

defendant was under a sentence of probation is not supported by the facts, or the terms of the Plea Agreement.  In order to arrive at this conclusion, the Probation Officer determined, without a sufficient factual background, that Mr. White committed the instant offense beginning on or about July 23, 2003, 19 months after the January 23, 2001, guilty plea.

...

Therefore, White is respectfully requesting that the Report be modified to recognize that neither the Plea Agreement nor the evidence presented in this matter establish that Mr. White committed the instant offense while under a sentence of probation.  Accordingly, the Report should be modified to recognize that Mr. White has seven (7) criminal history points.

**Objection No. 4, Page 18, paragraph 67**:

Paragraph 67 of the Report provides that the instant offense was committed less than two years following the defendant's release from custody for a sentence counted under USSG 4A1.1(a) or (b).  There is no merit to this claim.

The only predicate offense the Probation Officer could have relied on to make this determination is Mr. White's December 10, 1998 guilty plea.  As was set forth above, in Mr. White's Objection No. 1 to the Report, the evidence, in the instant matter, does not establish that the offense(s) began on or about September of 2000.  Furthermore, Mr. White did not agree pursuant to the Plea Agreement that (see agreed upon facts set forth above) the offense occurred as early as September 2000.

It is White's position that a determination that September, 2000, was the date the factual circumstances which led to the plea began simply allows Probation to arrive at a result which is unsupported by the evidence, or plea agreement.

>As was set forth in the Plea Agreement, Mr. White has agreed not to move the court for a sentence of less than 84 months.  Therefore, it is unnecessary for the Report to increase Mr. White's criminal history level without a sufficient factual background.
>
>Accordingly, the Report should therefore be modified to omit the additional point added in paragraph sixty-seven (67) from the Report.  Once this is corrected, the Report should also be modified to recognize that Mr. White has a criminal history point score of no more than 6.

Mr. Nuttall argued at sentencing in support of these objections to the Presentence Report. (Doc. 240).  At sentencing, the Court ruled that Petitioner's involvement in the conspiracy commenced in October, 2003 and reduced Petitioner's criminal history score from 9 in the PSR to 7 by the Court at sentencing (Doc. 240; 11:22, 21:21-25).  Petitioner's contentions in Grounds One and Two that Mr. Nuttall was constitutionally ineffective are without merit.

Petitioner's contention that Mr. Nuttall was ineffective in failing to challenge the three level increase in Petitioner's offense level pursuant to USSG § 3B1.1(b) is also without merit. Pursuant to the Plea Agreement, the Government agreed that it "will recommend a four-level enhancement pursuant to U.S.S.G. § 3B1.1(b) [sic] for his leadership role" and "will recommend a sentence of 84 months."  The PSR recommended a four level increase pursuant to USSG § 3B1.1(a).  USSG § 3B1.1 provides:

>Based on the defendant's role in the offense, increase the offense level as follows:
>
>(a) If the defendant was an organizer or

>             leader of a criminal activity that involved
>             five or more participants or was otherwise
>             extensive, increase by 4 levels.
>
>             (b) If the defendant was a manager or
>             supervisor (but not an organizer or leader)
>             and the criminal activity involved five or
>             more participants or was otherwise extensive,
>             increase by 3 levels.
>
>             (c) If the defendant was an organizer,
>             leader, manager, or supervisor in any
>             criminal activity other than described in (a)
>             or (b), increase by 2 levels.

At sentencing, the Court reduced this enhancement to three levels, which Mr. Nuttall concurred was appropriate under the circumstances. Petitioner's adjusted offense level was reduced from 28 to 27, resulting in a total offense level of 24. (Doc. 240, 15:5-17:6). If a two-level reduction pursuant to § 3B1.1(c) had been argued for and adopted by the Court, Petitioner's sentencing range would still have permitted imposition of the agreed upon 84 month sentence, if 7 criminal history points were used; if, however, only 6 criminal history points were used, Petitioner's sentencing range would have been less than 84 months. Therefore, Petitioner cannot show that he was prejudiced by counsel's failure to argue for a two-level adjustment under § 3B1.1(c). If no enhancement pursuant to § 3B1.1 was made, Petitioner's total offense level would have been 22 and would have resulted in a Guideline sentencing range less than the 84 month sentence to which the parties had agreed in the Plea Agreement (using 7 criminal history points). Because the parties had agreed to an 84 month sentence, Mr. Nuttall could not have

argued that no enhancement under § 3B1.1 be imposed without breaching the terms of the Plea Agreement.

There is a suggestion in Petitioner's motion that he claims ineffective assistance of counsel because of counsel's failure to file an appeal. Petitioner specifically waived his right to appeal his conviction and sentence in the Plea Agreement. At sentencing, the following occurred:

> THE COURT: All right. I believe that appeal rights have been waived. I don't want to impair a valid and subsisting waiver of appeal rights, so I won't advise Mr. White about his appeal rights. Do you agree?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Mr. Nuttall, do you agree?
>
> MR. NUTTALL: Yes ....

(Doc. 240, 33:10-15). Petitioner makes no claim that he specifically asked Mr. Nuttall to file a Notice of Appeal.

In cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, the Supreme Court in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), holds:

> [T]he question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term 'consult' to convey a specific meaning - advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the

> defendant's express instructions with respect to an appeal ... If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.  That question lies at the heart of this case: Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?
>
> ...
>
> We ... hold that counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.  In making this determination, courts must take into account all the information counsel knew or should have known ... Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues, and because such a plea may indicate that the defendant seeks an end to judicial proceedings.  Even in cases where the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.  Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id*. at 478, 480.   With respect to the prejudice prong of a claim of ineffective assistance of counsel, the Supreme Court holds that "to show prejudice in these circumstances, a defendant must

demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*. at 484.  The Supreme Court concluded:

> As with all applications of the <u>Strickland</u> test, the question whether a given defendant has made the requisite showing will turn on the facts of a particular case ... Nonetheless, evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination.  We recognize that the prejudice inquiry we have described is not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently in the first place; specifically, both may be satisfied if the defendant shows nonfrivolous grounds for appeal ... But, while the performance and prejudice prongs may overlap, they are not in all cases co-extensive.  To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal.  But such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal.
>
> By the same token, although showing nonfrivolous grounds for appeal may give weight to the contention that the defendant would have appealed, a defendant's inability to 'specify the points he would have raised were his right to appeal reinstated,' ... will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed ... We similarly conclude here that it is unfair to <u>require</u> an indigent, perhaps <u>pro se</u>, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has even reviewed the record in his case in search of potentially meritorious grounds for appeal.  Rather, we

```
                    require the defendant to demonstrate that,
                    but for counsel's deficient conduct, he would
                    have appealed.
```
Id. at 485-486.

Petitioner has not demonstrated that counsel was ineffective in failing to consult him about filing an appeal or filing an appeal on his behalf. Here, there was no reason to inquire about appeal because Petitioner agreed to a minimum 84 month sentence and voluntarily and knowingly waived any right to appeal in the Plea Agreement. In addition to confirming his written waiver at his Rule 11 plea, Petitioner also agreed in response to the Court's specific question during sentencing, that Petitioner waived his right to appeal. Petitioner had obtained the benefit of a very favorable plea bargain, which would have been jeopardized if a Notice of Appeal was filed, as it would have breached the Plea Agreement. Petitioner's contentions about the calculation of his criminal history points and about the § 3B1.1 enhancement to his adjusted offense level provided no ground for appeal because Mr. Nuttall had achieved those adjustments at sentencing and because Petitioner and Respondent had expressly agreed to a minimum of 84 month sentence. Because there was no ground for appeal, appeal had been validly waived, and Petitioner obtained the benefit of a very favorable plea bargain, no rational defendant would want to appeal. Defense counsel's failure to file a Notice of Appeal was not constitutionally deficient performance.

For the reasons stated:

1. **Petitioner William Joshua White's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.**
2. **The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.**

IT IS SO ORDERED.

**Dated:   July 22, 2008**                       /s/ Oliver W. Wanger
                                                     UNITED STATES DISTRICT JUDGE